In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

In re Affirmance of lease from **NEW YORK AND HARLEM RR CO.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

Feb. 14, 1973.

Robert W. Blanchette, Philadelphia, Pa., for Trustees of Penn Central.

W. Crosby Roper, Jr., Covington & Burling, Washington, D. C., Special counsel to Trustees.

John H. Lewis, Jr., Morgan, Lewis & Bockius, Christopher K. Walters, Philadelphia, Pa., for Fidelity Bank.

Joseph J. Connolly, Ewing & Cohen, Philadelphia, Pa., for New York & Harlem RR Co.

Foster E. Vogel, Scarsdale, N. Y., Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., for State of N. Y.

## MEMORANDUM AND ORDER NO. 1116

FULLAM, District Judge.

On October 20, 1972, I filed a comprehensive Opinion and entered a series of Orders dealing with proposed sales of certain "Park Avenue Properties" of the Debtor. Order No. 975, entered on that date, granted the petition of the Trustees for authorization to affirm the lease dated April 1, 1873, from the New York and Harlem Railroad Company, upon certain specified conditions, one of which was that certain overdue taxes should be paid "without undue delay." Paragraph 2 of that Order directed the Trustees to exercise the authority conferred by the Order within 15 days from the date of the Order.

Fidelity Bank (a minority shareholder of the Harlem, acting derivatively) has appealed from Order No. 975. Two further issues have now been presented to this Court for resolution:

On November 30, 1972, the Trustees filed a motion (Document No. 4741) seeking leave to defer payment of the Harlem taxes contemplated by Order No. 975, pending determination of the appeal from that order. By Order No. 1033, I directed service of the motion upon the interested parties (and all other parties customarily notified in these proceedings) and directed that any objections to the motion should be filed within 30 days.

Objections to the proposed deferral have been filed by the Harlem, and by the Village of Scarsdale, the Town of Scarsdale, the City of Mt. Vernon, and the State of New York. I have carefully considered all of these objections, but have concluded that the motion should be granted.

The objections of the various New York governmental entities do not relate to the specific issues involved, but are addressed to the general question of deferral of taxes. That question has been, and will be, dealt with elsewhere in these proceedings. The issue involved in the present motion is whether the Trustees should be required to make payments aggregating approximately $3.4 million on account of the rental obligations imposed by the Harlem lease, notwithstanding the fact that their right to affirm the Harlem lease is being challenged on appeal. Since these taxes, as such, are not an obligation of the Debtor's estate unless the lease is affirmed by the Trustees, payment while an appeal is pending would clearly be unwise.

The objections of the Harlem recognize that it would be improper to require the Trustees to pay the taxes while the appeal is pending, but suggest that the funds should be escrowed in the interim. I am not persuaded that there is any justification for imposing such a requirement. The only justification advanced by the Harlem is the suggestion that an accumulation of unpaid taxes might cause the Trustees to change their minds about affirming the lease. But the Trustees are legally committed to affirmance; if Order No. 975 is upheld on appeal, the lease cannot thereafter be disaffirmed. And if Order No. 975

should be reversed on appeal, the funds proposed to be escrowed would not necessarily be payable to the Harlem or the taxing authorities. And, in view of the income generated by the leased properties, and the power of sale in the lease, there is no need for an escrow to insure payment in the event of affirmance.

The second issue now before the Court arises from the "second motion of the Fidelity Bank to declare lease terminated for Trustees' failure to affirm or reject within reasonable time" (Document No. 4864, filed December 21, 1972). In this motion, Fidelity, as minority shareholder of the Harlem, acting derivatively, asserts that the Harlem lease should be terminated because the Trustees failed to comply with Order No. 975. It is alleged that the Trustees did not exercise their right to affirm within the time set forth in that Order, and that the Trustees, by failing to pay the taxes discussed above, have breached a condition of the affirmance order.

As noted at the outset, a condition of Order No. 975 was that the Trustees pay the Harlem taxes "without undue delay." They have not breached that condition. For the reasons set forth above, I have concluded that these payments should not be made until the appeal from Order No. 975 is concluded.

Paragraph 2 of Order No. 975, directing the Trustees to exercise the authority conferred by that Order within 15 days from the date of the Order, was not a condition of affirmance, but merely a direction to the Trustees. Thus, even if the Trustees had failed to comply within the time limit, this would not necessarily have resulted in cancellation of the authorization, particularly in the absence of prejudice. The sole purpose of inserting paragraph 2 in Order No. 975 was to insure finality for purposes of appeal, and to clear up as many loose ends as possible.

■ Be all that as it may, it is clear that the Trustees did comply within the time limit. The 15-day period prescribed by the Order would have expired on Saturday, November 4, 1972. The Trustees executed their formal document of affirmance before that date, and it was actually served on Monday, November 6, 1972. Because of the intervention of the weekend, service on November 6, 1972 was timely.

### ORDER

#### No. 1116

And now, this 14th day of February, 1973, it is ordered:

1. That the Trustees' "motion for authority to defer payment of taxes upon and relating to properties and operations governed by lease from New York and Harlem Railroad Company" (Document No. 4741) is granted.

2. That the "second motion of the Fidelity Bank to declare lease terminated for Trustees' failure to affirm or reject within reasonable time" (Document No. 4864) is denied.